IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| ZENA RAYFORD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )　　　　No. 09-2537-STA-dkv |
| | ) |
| SIRCHIE FINGER PRINT | ) |
| LABORATORIES, INC., and SUPERIOR | ) |
| PRINTING INK COMPANY, INC., | ) |
| | ) |
| **Defendants.** | ) |

---

**ORDER GRANTING DEFENDANT'S RULE 41(D) MOTION TO STAY AND
DIRECTING PLAINTIFF TO PAY COSTS**

---

Before the Court is Defendant Sirchie Finger Print Laboratories's ("Sirchie") Motion to

Dismiss (D.E. # 18) filed on September 30, 2009.  Plaintiff's response to the Motion was due on

or before November 2, 2009.  To date Plaintiff has not responded.  For the reasons set forth

below, the Motion is **GRANTED**.

## BACKGROUND

This products liability case was removed from the Circuit Court of Shelby County,

Tennessee, on August 18, 2009.  According to her Complaint, Plaintiff was employed by Shelby

County, Tennessee, as a Clerical Specialist B, Fingerprints, and used Search Fingerprint Ink,

manufactured and sold by Defendants Sirchie Fingerprint Laboratories ("Sirchie") and Superior

Printing Ink Company ("Superior").  Compl. ¶ 5.  Plaintiff alleges that she developed a chronic

and disabling medical condition, which is directly related to her exposure to Search Fingerprint

Ink.  *Id*. at ¶ 6.  Plaintiff goes to on assert several products liability causes of action against

Defendants Sirchie and Superior for packaging and design of the Search Fingerprint Ink product.

In its Motion, Defendant Sirchie argues that Plaintiff's Complaint in this matter involves

the same parties and claims alleged in a previous civil case before this Court, *Rayford v. Sirchie*

*Finger Print Laboratories et al.*, no. 2-06-cv-02143-STA-gbc.  That case was voluntarily

dismissed by stipulation on July 30, 2008.  In the Motion before the Court, Defendant seeks an

order staying the instant action and all costs associated with the prior civil case pursuant to Fed.

R. Civ. P. 41(d).  Defendant describes the amount of discovery taken in the previous case as well

as the provision in the stipulation of dismissal which stated,

> The Parties note that pursuant to Rule 41(d) of the Federal Rules of Civil Procedure,
> should Plaintiff file an action based on or including the same claim against any of same
> defendants, the Court may order the Plaintiff to pay all or part of the costs of the previous
> action and may stay proceedings until the Plaintiff has complied.

Sirchie seeks costs associated with the previous case in the amount of $96,831.00.  Additionally,

Sirchie moves that the Court stay this action until such time as Plaintiff has paid all or part of the

costs of the previous action.

Fed. R. Civ. P. 41(d) governs costs of a previously dismissed action and reads,

> If a plaintiff who previously dismissed an action in any court files an action based on or
> including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Rule 41(d) is designed to prevent vexatious litigation as well as forum shopping, "especially by

plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else."[1]

In that way, "Rule 41(d) is also intended to prevent attempts to gain any tactical advantage by

---

[1] *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000).

dismissing and refiling th[e] suit."[2]  The Sixth Circuit has held that "nothing in the language of

Rule 41(d) ... suggests that a defendant must show bad faith before a district court can order

payment of costs incurred in a voluntarily dismissed previous action."[3]  In *Rogers v. Wal-Mart*,

the Sixth Circuit found that a plaintiff's attempt to dismiss the initial action only after she had

missed the court's deadline for disclosing her expert witnesses was evidence of "some attempt to

wipe the slate clean after an initial setback in federal court and gain a tactical advantage by re-

filing in state court."[4]  Under the circumstances an award of costs was not an abuse of

discretion.[5]

The Court holds that the same reasoning should apply in this case.  Upon examination,

Plaintiff's complaint in the previous case and her Complaint in this matter are largely identical.

Plaintiff asserts the same causes of actions against the same Defendants with the exception that

Plaintiff has named Superior Printing Ink, Inc. ("Superior") as a Defendant in the case at bar;

whereas, Superior was a Cross-Defendant named in the previous case.  Like the plaintiff in

*Rogers*, Plaintiff in this case dismissed her previous claim only after the Court excluded her

expert disclosure and expert witness.  On June 24, 2008, the Magistrate Judge in the previous

case granted Defendants' separate motions to exclude Plaintiff's expert witness for failure to

make a timely expert disclosure and for failure to provide an expert report.[6]  Approximately, one

---

[2] *Id.*

[3] *Id.* (quoting *Esquivel v. Arau,* 913 F. Supp. 1382, 1388 (C.D. Cal.1996)).

[4] *Id.*

[5] *Id.*

[6]  *See Rayford v. Sirchie Finger Print Laboratories et al.*, no. 2-06-cv-02143-STA-gbc,
Order Granting Defendant Superior Ink Company, Inc.'s Motion to Adopt Defendant Sirchie's

month later on July 30, 2008, the parties submitted the joint stipulation of dismissal discussed

above.  Furthermore, like the plaintiff in *Rogers*, Plaintiff then re-filed a nearly identical

complaint in state court.  Defendants promptly removed the action to this Court.

Based on these facts, the Court finds that Plaintiff's decision to dismiss her previous case

was an attempt to "wipe the slate clean and. . . gain a tactical advantage by re-filing in state

court."  Therefore, an award of costs pursuant to Fed. R. Civ. P. 41(d) is appropriate.

Concerning which costs may be recovered, the Sixth Circuit has held that attorney fees are not

available under Rule 41(d).[7]  It is not clear whether the full $96,831.00 Defendant seeks includes

attorney fees.  As a result, Defendant Sirchie is ordered to submit an itemized affidavit of its

costs associated with Plaintiff's previous case within thirty (30) days of the entry of this Order.

Defendant should also serve Plaintiff with the affidavit of costs.  Plaintiff shall then have thirty

(30) days from service in which to file any objections to Defendant's affidavit of costs.

The case at bar is stayed pending the determination of Defendant Sirchie's costs

associated with the previous case and Plaintiff's payment of said costs.  Therefore, the Motion is

**GRANTED**.

      **IT IS SO ORDERED**.         **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

---

Motion to Exclude Plaintiff's Proffered Expert; Order Granting Defendant Sirchie Finger Print
Laboratories, Inc. and Defendant Superior Ink Company, Inc.'s Motion to Exclude Plaintiff's
Proffered Expert; and Order Striking Plaintiff's Designation of Dr. Frank Martin as Expert
Witness, June 24, 2008, d.e. 102.

[7] *Rogers*, 230 F.3d at 874 (citing the fact that Rule 41(d) does not mention attorneys
fees).

Date: December 7th, 2009.