IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| ZENA RAYFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 09-2537-STA-dkv |
| | ) |
| SIRCHIE FINGER PRINT | ) |
| LABORATORIES, INC., and SUPERIOR | ) |
| PRINTING INK COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

_____

**ORDER GRANTING DEFENDANT'S RULE 41(D) MOTION TO STAY AND
DIRECTING PLAINTIFF TO PAY COSTS**
_____

Before the Court is Defendant Superior Printing Ink Co.'s ("Superior") Motion to Dismiss (D.E. # 23) filed on November 17, 2009. Plaintiff's response to the Motion was due on or before December 21, 2009. To date Plaintiff has not responded. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

This products liability case was removed from the Circuit Court of Shelby County, Tennessee, on August 18, 2009. According to her Complaint, Plaintiff was employed by Shelby County, Tennessee, as a Clerical Specialist B, Fingerprints, and used Search Fingerprint Ink, manufactured and sold by Defendants Sirchie Fingerprint Laboratories ("Sirchie") and Superior. Compl. ¶ 5. Plaintiff alleges that she developed a chronic and disabling medical condition, which is directly related to her exposure to Search Fingerprint Ink. *Id.* at ¶ 6. Plaintiff goes on

to assert several products liability causes of action against Defendants Sirchie and Superior for packaging and design of the Search Fingerprint Ink product.

As an initial matter, on December 7, 2009, the Court granted a similar motion to stay pursuant to Rule 41(d) filed by Defendant Sirchie.  In the Motion before the Court, Defendant Superior makes the same arguments that Plaintiff's Complaint in this matter involves the same parties and claims alleged in a previous civil case before this Court, *Rayford v. Sirchie Finger Print Laboratories et al.*, no. 2-06-cv-02143-STA-gbc.  That case was voluntarily dismissed by stipulation on July 30, 2008.  Defendant Superior seeks an order staying the instant action and all costs associated with the prior civil case pursuant to Fed. R. Civ. P. 41(d).  Defendant describes the amount of discovery taken in the previous case as well as the provision in the stipulation of dismissal which stated,

> The Parties note that pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, should Plaintiff file an action based on or including the same claim against any of same defendants, the Court may order the Plaintiff to pay all or part of the costs of the previous action and may stay proceedings until the Plaintiff has complied.

Superior seeks costs associated with the previous case in the amount of $25,793.00. Additionally, Superior moves that the Court stay this action until such time as Plaintiff has paid all or part of the costs of the previous action.

Fed. R. Civ. P. 41(d) governs costs of a previously dismissed action and reads,

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Rule 41(d) is designed to prevent vexatious litigation as well as forum shopping, "especially by

plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else."[1] In that way, "Rule 41(d) is also intended to prevent attempts to gain any tactical advantage by dismissing and refiling th[e] suit."[2]  The Sixth Circuit has held that "nothing in the language of Rule 41(d). . . suggests that a defendant must show bad faith before a district court can order payment of costs incurred in a voluntarily dismissed previous action."[3]  In *Rogers v. Wal-Mart*, the Sixth Circuit found that a plaintiff's attempt to dismiss the initial action only after she had missed the court's deadline for disclosing her expert witnesses was evidence of "some attempt to wipe the slate clean after an initial setback in federal court and gain a tactical advantage by re-filing in state court."[4]  Under the circumstances an award of costs was not an abuse of discretion.[5]

The Court holds that the same reasoning should apply in this case.  Upon examination, Plaintiff's complaint in the previous case and her Complaint in this matter are largely identical. Plaintiff asserts the same causes of action against the same Defendants with the exception that Plaintiff has named Superior as a Defendant in the case at bar; whereas, Superior was a Cross-Defendant named in the previous case.  Like the plaintiff in *Rogers*, Plaintiff in this case dismissed her previous claim only after the Court excluded her expert disclosure and expert witness.  On June 24, 2008, the Magistrate Judge in the previous case granted Defendants'

---

[1] *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000).

[2] *Id.*

[3] *Id.* (quoting *Esquivel v. Arau,* 913 F. Supp. 1382, 1388 (C.D. Cal.1996)).

[4] *Id.*

[5] *Id.*

separate motions to exclude Plaintiff's expert witness for failure to make a timely expert disclosure and for failure to provide an expert report.[6] Approximately one month later on July 30, 2008, the parties submitted the joint stipulation of dismissal discussed above. Furthermore, like the plaintiff in *Rogers*, Plaintiff then re-filed a nearly identical complaint in state court. Defendants promptly removed the action to this Court.

Based on these facts, the Court finds that Plaintiff's decision to dismiss her previous case was an attempt to "wipe the slate clean and. . . gain a tactical advantage by re-filing in state court." Therefore, an award of costs pursuant to Fed. R. Civ. P. 41(d) is appropriate. Concerning which costs may be recovered, the Sixth Circuit has held that attorney fees are not available under Rule 41(d).[7] It is not clear whether the full $25,793.00 Defendant seeks includes attorney fees. As a result, Defendant Superior is ordered to submit an itemized affidavit of its costs associated with Plaintiff's previous case within thirty (30) days of the entry of this Order. Defendant should also serve Plaintiff with the affidavit of costs. Plaintiff shall then have thirty (30) days from service in which to file any objections to Defendant's affidavit of costs.

Having already stayed the case pending the determination of Defendant Sirchie's costs associated with the previous case and Plaintiff's payment of said costs, Defendant Superior's request to stay the case is moot. Therefore, the Motion is **GRANTED**.

---

[6] *See Rayford v. Sirchie Finger Print Laboratories et al.*, no. 2-06-cv-02143-STA-gbc, Order Granting Defendant Superior Ink Company, Inc.'s Motion to Adopt Defendant Sirchie's Motion to Exclude Plaintiff's Proffered Expert; Order Granting Defendant Sirchie Finger Print Laboratories, Inc. and Defendant Superior Ink Company, Inc.'s Motion to Exclude Plaintiff's Proffered Expert; and Order Striking Plaintiff's Designation of Dr. Frank Martin as Expert Witness, June 24, 2008, d.e. 102.

[7] *Rogers*, 230 F.3d at 874 (citing the fact that Rule 41(d) does not mention attorneys fees).

**IT IS SO ORDERED**.

                                                **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 15th, 2010

**IT IS SO ORDERED**.

                                      **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 15th, 2010