IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| ZENA RAYFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 09-2537-STA-dkv |
| | ) |
| SIRCHIE FINGER PRINT | ) |
| LABORATORIES, INC., and SUPERIOR | ) |
| PRINTING INK COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**
_____

Before the Court is Plaintiff's pro se Motion for Reconsideration (D.E. # 29) filed on January 11, 2010.  Plaintiff seeks reconsideration of the Court's Order Granting Defendant Sirchie's Motion to Stay and for Costs (D.E. # 27) entered on December 7, 2009.  Just after Plaintiff filed her Motion, the Court also entered an Order Granting Defendant Superior Ink's Motion to Stay and for Costs (D.E. # 30) on January 15, 2010.  In each Order, the Court granted Defendants relief pursuant to Rule 41(d) due to the fact that Plaintiff had filed and voluntarily dismissed the same claims against these Defendants in a prior federal lawsuit.  Plaintiff failed to respond to either motion within the time permitted under the Local Rules of Court.

Since the entry of the Orders, Defendants have filed separate affidavits of their costs associated with Plaintiff's prior suit against them.  Defendant Sirchie seeks costs in the amount of $3,648.34, and Defendant Superior Ink seeks costs totaling $5,145.84.

In the Motion before the Court, Plaintiff asks the Court to reconsider its previous Orders

1

staying the case and granting Defendants' motions for costs because Plaintiff never received notice of Defendants' motions.  Plaintiff states that she gave two addresses of record to the Clerk of Court when she filed her complaint in July 2009.  One address was her sister's in Memphis, Tennessee, the other an address in Lithia Springs, Georgia.  Plaintiff states that she recently moved to a new address in Marietta, Georgia.  However, the only address of record for Plaintiff is her sister's address in Memphis, Tennessee.  As a result, Plaintiff never received notice of either Defendant's motion to stay and for costs and did not respond to the motions.  Plaintiff further explains that she has continued to suffer from a severe medical condition since the time she filed her complaint.  Finally, Plaintiff states that she is permanently disabled and lives on a fixed income making it impossible for her to pay the expenses Defendants seek in their motions for costs.  Therefore, Plaintiff asks the Court to reconsider its Orders granting a stay of the case until Plaintiff has paid Defendants' costs from her previous federal lawsuit against her.

To date Defendants have not responded to Plaintiff's Motion for Reconsideration.

## **STANDARD OF REVIEW**

Although the Federal Rules of Civil Procedure do not specifically recognize motions for reconsideration, Rule 60(b) provides that parties can file a motion to alter or amend a judgment at any time after entry of that judgment.[1]  Rules 60(b) permits a court to relieve a party from a final judgment, order, or proceeding under the following limited circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due

---

[1] Fed. R. Civ. P. 60(b).  Rule 59(e) provides similar relief where the moving party files its motion within twenty-eight (28) days of the order.  Here Plaintiff filed the Motion before the Court more than 28 days after the Court entered the first Order granting costs.  Therefore, the Court will analyze the Motion pursuant to Rule 60(b).

diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[2]

The Court finds that Plaintiff has satisfied her burden to obtain relief under Rule 60(b)(1) by showing that her failure to respond to Defendants' motions was the result of mistake, inadvertence, surprise, or excusable neglect. More specifically, the proper inquiry is whether Plaintiff can demonstrate excusable neglect for her failure to maintain accurate contact information with the Clerk of Court and thereby ensure that she received notice of all motions and other filings in this case. Three factors are relevant to determine whether Rule 60(b)(1) relief is appropriate: "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim."[3] The Court finds that the balance of these factors favors reconsideration under the facts of this case.

First, the Court finds that Plaintiff is culpable, but her culpability is mitigated by the fact that she is proceeding pro se and lives in another state. According to Plaintiff, she mistakenly believed that the Court would send her notice of all filings to both addresses she provided to the Court: her sister's address in Memphis and her Georgia address. In fact, Plaintiff reports that she

---

[2] Fed. R. Civ. P. 60(b).

[3] *Williams v. Meyer,* 346 F.3d 607, 613 (6th Cir.2003).

now has a new address in Georgia.[4] It is Plaintiff's responsibility to maintain correct contact information with the Clerk of Court at all times. Subsequent failures to do so will not be treated as leniently. However, at this point in the case, the Court believes that Plaintiff should have the opportunity to respond to Defendants' motions to stay and for costs. Thus, the first factor favors reconsideration.

Second, there is no evidence of prejudice to Defendants. Although Defendants seek several thousands of dollars in costs associated with Plaintiff's prior case, Defendants have not responded to Plaintiff's Motion for Reconsideration or otherwise set forth any grounds for prejudice they might suffer should the Court give Plaintiff the opportunity to respond to their motions to stay and for costs. Thus, the Court finds that the second factor favors reconsideration.          Finally, it is not clear to the Court that Plaintiff's opposition to Defendants' motions has merit. Plaintiff's Motion for Reconsideration mentions her pro se status, her health problems, and her financial inability to pay. However, Plaintiff has not briefed any legal authority explaining why the Court should not grant Defendants' motions. In its previous Orders, the Court noted that Plaintiff's Complaint in this matter involves the same parties and claims alleged in a previous civil case before this Court, *Rayford v. Sirchie Finger Print Laboratories et al.*, no. 2-06-cv-02143-STA-gbc. That case was voluntarily dismissed by stipulation on July 30, 2008. The parties agreed in their stipulation of dismissal that

> The Parties note that pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, should Plaintiff file an action based on or including the same claim against any of same defendants, the Court may order the Plaintiff to pay all or part of the costs of the previous

---

[4] It appears that Plaintiff has lived at this new address since at least December 23, 2009, the date of an invoice for medical services, which Plaintiff has attached to her Motion for Reconsideration. The invoice was sent to Plaintiff's new address.

action and may stay proceedings until the Plaintiff has complied.

The Court also noted that Fed. R. Civ. P. 41(d) governs costs of a previously dismissed action and reads,

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Rule 41(d) is designed to prevent vexatious litigation as well as forum shopping, "especially by plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else."[5] In that way, "Rule 41(d) is also intended to prevent attempts to gain any tactical advantage by dismissing and refiling th[e] suit."[6] The Sixth Circuit has held that "nothing in the language of Rule 41(d). . . suggests that a defendant must show bad faith before a district court can order payment of costs incurred in a voluntarily dismissed previous action."[7] In *Rogers v. Wal-Mart*, the Sixth Circuit found that a plaintiff's attempt to dismiss the initial action only after she had missed the court's deadline for disclosing her expert witnesses was evidence of "some attempt to wipe the slate clean after an initial setback in federal court and gain a tactical advantage by re-filing in state court."[8] Under the circumstances an award of costs was not an abuse of discretion.[9] The Court held that the same reasoning used in *Rogers* should apply in Plaintiff's case.

---

[5] *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000).

[6] *Id.*

[7] *Id.* (quoting *Esquivel v. Arau,* 913 F. Supp. 1382, 1388 (C.D. Cal.1996)).

[8] *Id.*

[9] *Id.*

5

Because Plaintiff has not briefed Rule 41(d) in her Motion for Reconsideration, the Court cannot determine whether her opposition to the costs has merit and should favor reconsideration. It is clear though that Rule 41(d) is permissive and not mandatory, and the Court is vested with discretion to grant relief pursuant to Rule 41(d).  For this reason, the Court finds that Plaintiff should at least have the opportunity to present a response to Defendants' motions to stay and for costs.

Therefore, Plaintiff's Motion for Reconsideration is **GRANTED**.  The Clerk of Court is directed to update Plaintiff's mailing address of record to the following:

> 3402 Station Club Drive SW
> Marietta, GA 30060

Plaintiff is directed to respond to Defendants' motions to stay and for costs within thirty (30) days of the entry of this Order.  Plaintiff should address Rule 41(d) and the relevant law on the issues raised in Defendants' motions.  Likewise, Plaintiff's response should comply with the Federal Rules of Civil Procedure and the Local Rules of Court.  Plaintiffs' failure to respond in a timely manner will result in the Court re-issuing its earlier Orders granting the stay and costs from the previous actions.

**IT IS SO ORDERED.**

> **s/ S. Thomas Anderson**
> S. THOMAS ANDERSON
> UNITED STATES DISTRICT JUDGE
>
> Date:   May 28th, 2010.